UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

**11717 81ST PLACE LAND TRUST,**
**By: BCP Management, LLC, as Trustee,**

                 Plaintiff,                  CASE NO.  6:21-cv-223

v.

**DEUTSCHE BANK NATIONAL TRUST**   (formerly Brevard County Case
**COMPANY, as Trustee, on behalf of the**   No. 20-CA-47023)
**Registered Holders of GSAMP Trust 2005-**
**HE3, Mortgage Pass-Through Certificates,**
**Series 2005-HE3**,

                 Defendant.
_____/

## DEFENDANT'S NOTICE OF REMOVAL

Deutsche Bank National Trust Company, as Trustee, on behalf of the Registered Holders of GSAMP Trust 2005-HE3, Mortgage Pass-Through Certificates, Series 2005-HE3 ("**Defendant**"), hereby removes the action currently pending in the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida, Case No. 20-CA-47023 (the "**State Court Action**"), to the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1331. Removal is based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441 as more fully set forth below.

**I.**    **BACKGROUND and RULE 3.01(g) CERTIFICATION FOR PENDING MOTION**

1. This case involves one of many dozens of nearly identical recent lawsuits—filed primarily by Plaintiff's counsel, Lee Segal—in which the plaintiffs attempt to obtain default final judgments against foreclosure plaintiffs through defective service. Of course, notice and an opportunity to participate in a lawsuit are the most fundamental aspect of our civil justice system, and Plaintiff's counsel has designed this scheme, discussed in Defendant's pending motion to

1

quash service and vacate the clerk's default, to prevent the defendants from receiving notice and an opportunity to participate in these cases.  As of the date of this filing, undersigned counsel alone is aware of approximately ninety (90) of these exact same lawsuits filed in late-2020 against Deutsche Bank National Trust Company and The Bank of New York Mellon, and in none of those cases is Plaintiff's counsel willing to litigate their claims on the merits.[1]  All defendants want to do is to have their day in court and allow these cases to be decided on their merits, and that is precisely what Plaintiff's counsel wants to avoid.

2. This particular action is based on a prior mortgage foreclosure action in Pinellas County, Case No. 14-002579-CI, which was brought by Defendant against Plaintiff (the "**Foreclosure Action**") relating to real property located in Pinellas County at 11717 81st Place, Seminole, Florida 33772 (the "**Property**").  See Compl. ¶¶ 3, 13-14.  The Foreclosure Action resulted in a Consent Final Judgment of Foreclosure, and that judgment is what is being collaterally attacked in this new lawsuit.  Specifically, the Complaint purports to state a claim under the "Civil Remedies for Criminal Practices Act" (Fla. Stat. § 772.101, et seq.) for allegedly improperly foreclosing against Plaintiff in the Foreclosure Action.  The claim is based on the allegation that Defendant was not the owner or holder of the Note and lacked standing to foreclose in the Foreclosure Actions.  See, e.g., Compl. ¶¶ 8, 10, 16, 17, 18, 22.

3. A true and correct copy of all process and pleadings from the State Court Action available to counsel as of this date, including the Complaint and other court filings, are attached hereto as **Composite Exhibit "A."**

4. The procedural history of this case is as follows:

---

[1] Additional cases continue to be discovered on an ongoing basis through defendants' independent research across all sixty-seven counties.

QB\66817116.1

a. On October 19, 2020, Plaintiff filed its Complaint;

b. On November 13, 2020, Plaintiff filed a Motion for Clerk's Default, which was entered on November 23, 2020 ("**Clerk's Default**");

c. On November 13, 2020, Plaintiff filed a Motion for Final Summary Judgment After Default ("**Motion for Summary Judgment**");

d. On December 30, 2020, Defendant filed a Motion to Quash Service of Process and Vacate Clerk's Default ("**Motion to Quash Service and Vacate Default**");

See Ex. A.

5. Plaintiff's Motion for Summary Judgment and Defendant's Motion to Quash Service and Vacate Default are the only pending motions in the State Court Action. They are each linked separately to Defendant's Notice of Removal.

6. In addition, on January 26, 2021, Defendant filed three affidavits in support of its Motion to Quash Service and Vacate Default. See Ex. A (affidavits filed January 26, 2021 from (i) CT Corporation System, (ii) Deutsche Bank National Trust Company, and (iii) Select Portfolio Servicing, Inc.).

7. Because the Motion to Quash Service and Vacate Default was filed in the State Court Action, it did not contain the "Local Rule 3.01(g) Certification" that this Court requires. However, counsel for Defendant has conferred with counsel for Plaintiff regarding the Motion to Quash Service and Vacate Default and hereby provides the following Certification, which may avoid the need to separately re-file the Motion with this Court:

**Local Rule 3.01(g) Certification for Motion to Quash Service and Vacate Default**

**(A)    Defendant, as the movant, hereby certifies that it has conferred with Plaintiff regarding Defendant's Motion to Quash Service and Vacate Default.**

**(B)** **The parties do not agree on the resolution of any part of the Motion to Quash Service and Vacate Default, as Plaintiff opposes all relief sought in the Motion to Quash Service and Vacate Default.**

**(C)** **The conference occurred by both e-mail and telephone. The initial conference occurred on December 21, 2020, prior to filing the Motion to Quash Service and Vacate Default. Prior to removal, another conference occurred by both e-mail and telephone on February 1, 2021 between Plaintiff's counsel, Lee Segal, and Defendant's counsel, Joseph Kohn and Benjamin Brown.**

## II. <u>LEGAL STANDARD FOR REMOVAL</u>

8. Pursuant to 28 U.S.C. §1441(a), "any civil action brought in a state court of which the district court of the United States have original jurisdiction, may be removed by the defendants, to the district court of the United States…where such action is pending."

9. Pursuant to 28 U.S.C. § 1332, the district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

(1) citizens of different States;

(2) citizens of a State and citizens or subjects of a foreign state;

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4) a foreign state, defined in section 1603 (a) of this title, as plaintiff and citizens of a State or of different States.

10. "Removal is proper if the defendant proves, by a preponderance of the evidence, the amount in dispute exceeds $75,000." <u>Luch v. Scottsdale Ins. Co.</u>, No. 17-21507-CIV, 2017

WL 5643314, at *1 (S.D. Fla. June 9, 2017) (citing Dart Cherokee Basin Operating Co. v. Owens, 135 S. Ct. 547, 553–54 (2014)).  Also, "when a statutory cause of action entitles a party to recover reasonable attorney fees, the amount in controversy includes consideration of the amount of those fees." Cohen v. Office Depot, Inc., 204 F.3d 1069, 1079 (11th Cir. 2000).

### III.    BASIS FOR REMOVAL — DIVERSITY JURISDICTION

11.    This Court has original jurisdiction on the basis of diversity and amount in controversy.  See 28 U.S.C. § 1332.  The parties are diverse because they are citizens of different states.  See 28 U.S.C. § 1332(a)(1).

#### A.    Diversity Of Citizenship Exists.

12.    "[A]t this early stage in the proceedings, the parties are not required to plead jurisdiction affirmatively based on actual knowledge."  Carolina Cas. Ins. Co. v. Team Equip., Inc., 741 F.3d 1082, 1087-88 (9th Cir. 2014).  In Carolina Casualty Insurance Company, the court "h[e]ld that when information regarding a defendant that is necessary to establish diversity of citizenship is not reasonably available to a plaintiff, the plaintiff should be permitted to plead jurisdictional allegations as to those defendants on information and belief and without affirmatively asserting specific details regarding the citizenship of those defendants."  Id. at 1088.

13.    Plaintiff, BCP Management, LLC, as trustee for the 11717 81st Place Land Trust ("**BCP Management**"), is a citizen of Florida.  The individual members of BCP Management, LLC are all citizens and residents of the State of Florida.  Upon information and belief, the members are all individuals domiciled in the Pinellas County region who have purchased foreclosure-distressed properties, including the Property at issue, and rent out those properties while they defend the foreclosure actions.  Below is additional detail regarding the citizenship of BCP Management:

a. BCP Management is a Florida limited liability company with its principal place of business in St. Petersburg, Florida. Attached hereto as **Composite Exhibit "B"** are the Florida Division of Corporate records for BCP Management, including its Articles of Organization, which establish that Plaintiff's sole member is Viti Leve, LLC ("**Viti Leve**") and that BCP Management's registered agent is Plaintiff's counsel, Lee Segal. See Ex. B. BCP Management's most recent Annual Report for 2020 was signed by Plaintiff's counsel, Lee Segal, on behalf of Viti Leve. See Ex. B.

b. In turn, Viti Leve is a Florida limited liability company with its principal place of business in St. Petersburg, Florida. Attached hereto as **Composite Exhibit "C"** are the Florida Division of Corporate records for Viti Leve, including its Articles of Organization, which establish that Plaintiff's sole member is BCP Management and that Viti Leve's registered agent is Plaintiff's counsel, Lee Segal. See Ex. C. Viti Leve's most recent Annual Report for 2020 was signed by Plaintiff's counsel, Lee Segal, on behalf of BCP Management. See Ex. C.

c. The Articles of Organization for both BCP Management and Viti Leve—which were filed on the exact same date and time, on January 29, 2018—were signed by Heather Wilfong. See Exs. B-C. At that time, Heather Wilfong was the paralegal for disbarred attorney Mark Stopa, who, upon information and belief, is Lee Segal's friend and client and works out of Mr. Segal's office. Attached hereto as **Composite Exhibit "D"** is Ms. Wilfong's LinkedIn Account and Florida Division of Corporate Records for Stopa Law Firm, P.A. ("**Stopa Law Firm**"). Ms. Wilfong's LinkedIn Account show that she lives in Tampa, Florida and worked for

6

        Stopa Law Firm from March 2015 to September 2018 in the Tampa/St. Petersburg, Florida area.  <u>See</u> Ex. D.  Upon Mr. Stopa's disbarment, he sold his law firm to Richar Mockler, Esq. and changed the firm's name to "Stay in My Home," which was also Ms. Wilfong's employer.  <u>See</u> Ex. D.

    d. Upon information and belief, the individual member of the Plaintiff LLC in this case is Mark Stopa, or possibly some combination of Mr. Stopa and Mr. Segal.  <u>See also</u> Notice of Removal, at Ex. A (Plaintiff's Affidavit in Support of Summary Judgment, filed November 13, 2020, executed in Pinellas County, Florida); <u>People v. Money</u>, by Mark P. Stopa (explaining that Mr. Stopa created numerous LLCs for investment purposes); <u>see generally</u>, https://www.tampabay.com/news/business/realestate/Authorities-Foreclosure-lawyer-Mark-Stopa-made-nearly-5-million-off-clients-homes_172178605/ (same).

    e. Mr. Stopa, Mr. Segal, and Ms. Wilfong are all citizens and residents of Florida and domiciled in the Pinellas/Tampa region.

14. Defendant is a national banking association organized under the laws of the United States and its main office, as set forth in its articles of association, is located in Los Angeles, California.  <u>See</u> Ex. A (Affidavit of Deutsche Bank National Trust Company, filed January 26, 2021, at ¶¶ 5-6); <u>see also</u>

https://www.sec.gov/Archives/edgar/data/1032033/000119312515225950/d945189dex251.htm

(containing Articles of Association, Certificate of Corporate Existence, and Certification of Fiduciary Powers).  Therefore, Defendant is a citizen of California.

15. Further, Plaintiff has conceded that the parties are diverse, as none of its members is a citizen of California.

16. Moreover, at this early stage, Defendant is not required to plead the specific details of citizenship based on actual knowledge and admissible proof, especially where, as here, the information necessary to establish diversity is in the possession of Plaintiff—who has conceded diversity of citizenship—and such information is not reasonably available to Defendant.  See Carolina Cas. Ins. Co., 741 F.3d at 1087-88.

17. Because the parties are citizens of different states, diversity exists.

**B.    Amount in Controversy Exceeds $75,000.**

18. Plaintiff in this matter seeks "triple damages" on Plaintiff's alleged "value of the Property, all attorney's fees incurred in defending the [Foreclosure Action], and all interest on that money." Compl. ¶¶ 40-41.

19. As evidenced by Plaintiff's Motion for Summary Judgment, the amount in controversy exceeds $860,478.00.  See Ex. A (Motion for Final Summary Judgment After Default, filed November 13, 2020).

20. Thus, the amount in controversy in the State Court Action clearly exceeds $75,000, and therefore meets the amount in controversy threshold under 28 U.S.C. § 1332.

**C.    Removal Is Timely.**

21. The Supreme Court has held that the 30-day removal period does not begin to run until service is effectuated, explaining that the deadline is "triggered by simultaneous service of the summons and complaint, or receipt of the complaint, through service or otherwise, after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347–48 (1999).

Thus, "mere receipt of the complaint unattended by any formal service" does <u>not</u> trigger the thirty-day timeframe for removal set forth in 28 U.S.C. § 1446(b).  <u>Id.</u> at 348; <u>see also, e.g.</u>, <u>Edwards v. Apple Computer, Inc.</u>, 645 F. App'x 849, 852 (11th Cir. 2016) (holding removal timely where defendant was never formally served with process and removed case two days after waiving service of process); <u>Rissman, Barrett, Hurt, Donahue & McClain, P.A. v. Westport Ins. Corp.</u>, No. 610CV898ORL35GJK, 2010 WL 11626746, at *2 (M.D. Fla. July 29, 2010) ("Thus, contrary to the contention of Plaintiffs, service of process is a sine qua non for the commencement of the running of the thirty (30) day period, which cannot run by the mere receipt of the complaint unattended by any formal service." (quoting <u>Murphy Bros., Inc.</u>, 526 U.S. at 347-48)).

22.  In this case, Defendant has never been served with process, and has filed a pending motion to quash service of process and to vacate the clerk's default.  Therefore, service is timely.

**D.  All Other Conditions of Removal Are Satisfied.**

23.  Venue is proper in the United States District Court Middle District of Florida because the case is being removed from the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida.  Moreover, the proper venue for this case would have been Pinellas County, Florida, which is also within the Middle District of Florida.

24.  This action is not a non-removable action as described under 28 U.S.C. § 1445.

25.  In accordance with 29 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal, Defendant is serving Plaintiff with a copy of this Notice of Removal and is filing a Notice of Filing Notice of Removal with the Clerk of the Court for the Eighteenth Judicial Circuit in Brevard County, Florida.  A copy of the Notice of Filing Notice of Removal (without attachments) is attached hereto as **Exhibit "E."**

26. By filing this notice of removal, Defendant waives no defense to dismissal of this action or challenge to the sufficiency of service of process.

### III. CONCLUSION

Removal of this case is timely and appropriate, and this Court has jurisdiction over the claims based upon diversity of citizenship. Defendant respectfully requests that this Court take jurisdiction over this matter and remove this action from the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida to the United States District Court for the Middle District of Florida.

**WHEREFORE**, Defendant respectfully requests that the aforesaid action now pending in the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida, Case No. 20-CA-47023 be removed to this Honorable Court.

QUARLES & BRADY LLP

By: /s/ *Joseph T. Kohn*
Benjamin B. Brown
Florida Bar No. 13290
Joseph T. Kohn
Florida Bar No. 113869
1395 Panther Lane, Suite 300
Naples, FL  34109
239/659-5026 Telephone
239/213-5426 Facsimile
benjamin.brown@quarles.com
joseph.kohn@quarles.com
debra.topping@quarles.com
kerlyne.luc@quarles.com
DocketFL@quarles.com
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was filed on February 2, 2021, using the Court's Florida E-filing Portal system and that a true and correct copy of the foregoing was served on the following parties:

Lee Segal, Esq.
Segal & Schuh Law Group, P.L.
18167 U.S. Hwy 19 N. Suite 100
Clearwater, FL 33764
lee@segalschuh.com
marie@segalschuh.com
*Counsel for Plaintiff*

/s/ *Joseph T. Kohn*
Joseph T. Kohn